STATE OF MINNESOTA *ex rel.* Charlotte A. Secombe *vs.* BOARD OF PARK COMMISSIONERS OF THE CITY OF MINNEAPOLIS.

July 8, 1885.

Minneapolis Park Act—Confirmation of Award—Payment, Tender, or Deposit of Damages.—In proceedings under the Minneapolis park act, the appraisement and report of the appraisers appointed by the board of park commissioners was approved by said board on March 22, 1884. An appeal being taken by the relator, being one of the persons whose land was sought to be condemned, final order thereon was made by the district court on July 28th. The 30 days after final order on appeal, in which

the board was authorized to abandon proceedings, expired August 27th, and the six months from the date of confirmation expired September 22, 1884. To such a case subdivision 9, section 4, of the park act, (Sp. Laws 1883, *c.* 281,) providing that the damages appraised for property proposed to be taken shall be paid out of the park fund, and shall be paid, or tendered, or deposited and set apart in the treasury of said city to and for the use of the parties entitled thereto, *within six months from the confirmation* by the board of park commissioners, applies without reference to the *status* of any other appeals that may have been taken in the given proceeding.

*Mandamus.* Appeal by the Board of Park Commissioners from an order of the district court for Hennepin county, *Young,* J., presiding, directing a peremptory writ to issue, commanding respondent to pay to relator, or to set aside and deposit for relator, the amount of the damages awarded to her for taking land for park purposes.

From the alternative writ, return, and stipulation of the parties, the following facts appear: On March 22, 1884, the Board of Park Commissioners duly confirmed an appraisal of damages made by park appraisers as required by law. This appraisal awarded $9,364 damages, in all, upon a large number of contiguous tracts of land, including a tract owned by relator. On July 3, 1884, the relator appealed to the district court from the order of confirmation, and on July 28, 1884, the award of damages to relator was by final order of the district court fixed at $450, being more than ten times the amount of the original award. This sum the board has refused and continues to refuse to pay to relator, or to set aside and deposit for her as required by law, although demanded on October 4, 1884, and although more than six months had elapsed before the commencement of this proceeding on October 10, 1884. More than twenty other persons appealed to the district court from the same order of confirmation, and a large number of these appeals are still pending and undetermined. In each appeal it is necessary to have a reappraisement made by appraisers appointed by the court. The result of such appeals as have been determined has been, in every case, a large increase in the amount of the award. Because of the pendency of the large number of undetermined appeals, the board cannot now ascertain the cost of acquiring the lands for the proposed park, and there-

fore cannot determine whether or not the public interests will be subserved by the proposed taking of land for park purposes.

*Daniel Fish,* for appellant.

It is thought the view of the court below in directing a peremptory writ to issue in this case limits the purpose and spirit of the park act, and is irreconcilable with some of its plainest provisions.

1. It subdivides the process of condemnation into as many separate proceedings as there are owners of different parcels of land in the proposed park. The condemnation proceeding, as a whole, relates to a single improvement, and the first essential step is the ascertainment of the whole cost. This cannot be done till all appeals are determined. Until then the proceeding is certainly pending, and the statute expressly reserves to the appellant the right to abandon the whole undertaking at "any time during the pendency of any proceeding for the improvement" contemplated.

2. The provision that the damages shall be paid within six months may be treated as merely directory and not mandatory, (*Com.* v. *Philadelphia,* 2 Whart. 286; Sedgwick, Stat. Const. 320–1,) or it should be construed as inapplicable to cases in which appeals are taken from the order of confirmation. *Holmes* v. *Paris,* 75 Me. 559. By no other warrantable process of reasoning can any effect whatever be given to the abandonment clause. The right to abandon is not restricted to the thirty days after the determination of any appeal. It is permitted to be exercised "at any time during the pendency of any proceedings for the improvements authorized" as well as "at any time within thirty days after the final order of the court on any appeal from such proceedings." The language could scarcely be broader or more specific.

3. The period of six months is not clearly sufficient for the final determination of all appeals. Upon an appeal new appraisers are appointed and their report may be long delayed. "For good cause shown" the court may direct a reappraisement. The action of the district court may be reviewed in this court by *certiorari.* Thus the utmost diligence might wholly fail to reach, within six months, that final test of the expediency of the enterprise, to wit: the cost.

*D. A. Secombe,* for relator.

BERRY, J.   Subdivision 9, section 4, of the Minneapolis park act, (Sp. Laws, 1883, c. 281,) enacts that "the damages appraised" for property proposed to be taken for parks "shall be paid out of the park fund, and shall be paid, or tendered, or deposited and set apart in the treasury of said city to and for the use of the parties entitled thereto, within six months from the confirmation of such appraisement and report" of the appraisers appointed by the board of park commissioners.   This is the only provision which we find in the act touching the payment of damages awarded as compensation for property taken upon condemnation, and for this reason we think it must be held applicable to all damages, whether appraised by the appraisers before mentioned, or by such as may, upon appeal, be appointed by the district court.

The consequence is that all damages *appraised,*—that is to say, whose appraisement is, as in the present instance, *completed* (no matter how) within six months from the confirmation spoken of,— become due at the end of that time, unless this result is controlled or prevented by some other provision of the act.   As to when damages become due whose appraisement is *not completed* within the six months, by reason of an appeal or some other cause, we need not at this time inquire.

But the counsel for the board contends that the provision cited from the act *is* qualified and controlled by the last clause of subdivision 12, section 4, which enacts that "the board of park commissioners shall have the right, at any time during the pendency of any proceedings for the improvements authorized in this act, or at any time within 30 days after the final order of the court on any appeal from such proceedings, to abandon all such proceedings whenever it shall deem it for the interest of the city to do so."

The counsel for the board of commissioners makes a very ingenious argument for the purpose of showing that the proceedings for acquiring land for a given park are treated by the act, and should be regarded by the courts, as a single whole, and that, until there is a final appraisement or determination of the damages to be paid with reference to each and every parcel of land proposed to be taken for such park, the proceedings for the improvements contemplated in estab-

lishing such park are *pending* within the meaning of the act. So that, if several appeals are taken, and, though some are determined, (as, for instance, by a reappraisement under the direction of the district court,) others remain undetermined, the right of abandonment as to all continues until 30 days after the final order of the court upon the appeal last determined. If this is not the exact form of the counsel's argument, we think it the fair effect of it.

The argument appears to us rather to show *what the act ought to be*, to fully carry out its general purpose and insure its success, than *what it is*. We have been unable to give the provision as to abandonment the "equitable construction" for which the counsel contends, or to avoid the result, however undesirable, that this provision does not qualify or control that which requires payment of damages within six months after confirmation, to the extent claimed. By the fair reading of the act, as we interpret it, the proceedings are, as respects each parcel of land proposed to be taken, or each owner, as the case may be, several; and the right of one owner to payment of his appraised damages does not depend upon the right of another to payment, or upon the action of the authorities in regard to such other. See Park Act, Sp. Laws 1883, *c.* 281, § 2 and § 4, subd. 4, 7, 9, 10, 11, 12.

While it may be that where the six months had expired before "the final order of the court" in a particular appeal was made, that fact would operate to extend the time when payment of damages would be due to the particular appellant to a time 30 days after the making of such order, though after the expiration of the six months, the present case does not necessarily require us to determine whether it would or not.

In this case the confirmation was made March 22d; the final order on appeal July 28th; the thirty days after the order expired August 27th; while the six months from the date of the confirmation did not expire until September 22d. In this instance the damages were therefore *appraised*, that is to say, their appraisement was fully *completed*, and the 30 days after final order on appeal had elapsed, before the expiration of the six months. We can see no reason why the six-months clause should not be applicable to such a case.

This conclusion is of course based upon the act as originally appearing in Sp. Laws 1883, c. 281, and without any reference to the amendments of 1885, which seem to have remedied some of the defects of the original act as respects the right of abandonment, but are not applicable to this case.

Order affirmed.